UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| YAZMIN GONZALEZ, | § § § |
| Plaintiff, | § § |
| v. | § § § |
| A-LIST MARKETING SOLUTIONS, INC d/b/a PALISADE PROTECTION GROUP a California Corporation, and CARGUARD ADMINISTRATION, INC Arizona Corporation Defendants. | § § § § § § |

**EP22CV0098**

## PLAINTIFF'S ORIGINAL COMPLAINT

### PARTIES

1. Plaintiff YAZMIN GONZALEZ ("Plaintiff") is a natural person and is a citizen of the Western District of Texas and was present in Texas for all calls, in this case in El Paso County.

2. Defendant A-LIST MARKETING SOLUTION, INC d/b/a PALISADE PROTECTON PROGRAM ("A-List") is a corporation organized and existing under the laws of California and can be served via registered agent Kamisha Daniel 2923 Pullman St, STE A, Santa Ana, CA, 92705.

3. Defendant CARGUARD ADMINISTRATION SOLUTIONS, INC ("Carguard") is corporation organized and existing under the laws of Arizona and can be served via registered agent S David Childers at 8601 North Scottsdale Road #300, Scottdale, AZ, 85253.

4. Defendants all together ("Defendants") to stop placing calls to Plaintiff's personal cell phone and to obtain redress as authorized by statute.

## NATURE OF ACTION

5. Defendants offer services to businesses and consumers. As part of marketing their products and services, Defendants and their agents placed calls to Plaintiff's personal cell phone that used an automated telephone dialing system ("ATDS") that has the capacity to store and produce telephone numbers using a random or sequential number generator.

6. Defendants make unsolicited and unauthorized phone calls to consumers using false and misleading statements and artificial or prerecorded voice messages to sell vehicle service contracts ("VSCs").

7. Defendants did not obtain consent from Plaintiff prior to calling his cell phone, and Defendants are therefore liable under the Telephone Consumer Protection Act 47 U.S.C. § 227 (the "TCPA") and its implementing regulation, 47 C.F.R. § 64.1200(a)(2).

8. Congress enacted the TCPA in 1991 to restrict the use of sophisticated telemarketing equipment that could target millions of consumers *en masse*. Congress found that these calls were not only a nuisance and an invasion of privacy to consumers specifically but were also a threat to interstate commerce generally. *See* S. Rep. No. 102-178, at 2-3 (1991), as reprinted in 1991 U.S.C.C.A.N. 1968, 1969-71.

9. The TCPA targets unauthorized calls exactly like the ones alleged in this case, based on Defendants' use of technological equipment to spam consumers on a grand scale without their consent.

10. By placing the calls at issue, Defendants have violated the privacy of Plaintiff and caused him to suffer damages that are recognized by statute.

11. Plaintiff therefore seeks an injunction requiring Defendants to stop calling his cell phone, as well as an award of actual and statutory damages, civil penalties, costs and reasonable attorneys' fees.

## JURISDICTION AND VENUE

12. This Court has federal subject matter jurisdiction under 28 U.S.C. § 1331, as this case arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, which is a federal stature.

13. This Court has supplemental subject matter jurisdiction over Plaintiff's claim arising under Texas Business and Commerce Code 305.053 because that claim arises from the same nucleus of operative fact, i.e., Defendants' telemarketing robocalls to Plaintiff; adds little complexity to the case; and doesn't seek money damages, so it is unlikely to predominate over the TCPA claims.

14. This Court has personal jurisdiction over Defendants because they conduct business in this District and in the State of Texas and because the events giving rise to this lawsuit occurred in this District.

15. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because Defendants regularly conducts business in the state of Texas and in this District, and because the wrongful conduct giving rise to this case occurred in this District.

## FACTUAL ALLEGATIONS

16. Plaintiff received multiple unauthorized robocalls over a 30-day period from Defendants to her personal cell phone (915) 329-2404.

17. Plaintiff's cell phone is on the National Do-Not-Call Registry

18. Through information and belief Defendants use an anonymous telemarketing company to make phone calls on their behalf soliciting VSC's.

19. Each and every phone call Plaintiff received from Defendants all started with the same automated or prerecorded voice message saying her car warranty was about to expire and to press one to speak to a representative.

20. On February 21, 2022 Plaintiff received a phone call to her personal cell phone 2404 from phone number 215-435-8330.

21. Plaintiff answered and heard an artificial or pre recorded voice message that said "your car extended warranty is about to expire press one to speak to a representative."

22. Plaintiff was aggravated for repeatedly receiving the same calls prior to this and pressed one to speak to a representative for the sole purposes of identifying the company responsible for the illegal robocalls.

23. Plaintiff was transferred to a live female representative who did not identify herself or the company she was calling from. Telemarketer then said she was with dealer services and solicitated Plaintiff for a VSC on behalf of Defendants.

24. Plaintiff was then transferred to the "Finance Manager" named "Kassy" to go over the costs of the VSC, and to collect Plaintiffs credit card information. After going through credit card information "Kassy" Transferred Plaintiff to another "Finance Manager" who identified himself as Trever.

25. During the conversation, Trever confirmed that they are calling on behalf of Carguard Administration from US Palisade Protection Group.

26. On the same day Plaintiff received another unsolicited phone call to her personal cell phone 2404 from the number (928) 685-3128.

4

27. Plaintiff answered and heard an artificial or pre recorded voice message that said "your car extended warranty is about to expire press one to speak to a representative."

28. Plaintiff pressed one and was transferred to a live representative named Nicholas who said he was from dealer services.

29. Nicholas solicited Plaintiff for a VSC on behalf of Defendants.

30. Nichols then transferred Plaintiff to another representative named Dale from the finance department who confirmed they were calling on behalf of Defendants.

31. Plaintiff purchased a VSC from Defendants for the sole purposes of identifying the companies responsible for the illegal robocalls.

32. Table A displays the unauthorized calls made by the Defendants to Plaintiff's personal cell phone 2404.

| Number: | Date | Time | Caller ID | Notes |
|---------|------|------|-----------|-------|
| 1 | 02/18/2022 | 10:41 AM | 718-531-9263 | Same robo message saying auto warranty going to expire call dropped |
| 2 | 02/21/2022 | 9:35 AM | 915-342-1752 | Same robo message saying auto warranty going to expire call dropped |
| 3 | 02/21/2022 | 10:40 AM | 215-435-8330 | Purchased policy |
| 4 | 02/21/2022 | 11:17 AM | 928-685-3128 | Spoke to reps from Defendants |
| 5 | 02/21/2022 | 1:52 PM | 336-767-0854 | Same robo message saying auto warranty going to expire call dropped |
| 6 | 02/22/2022 | 9:39 AM | 330-358-2438 | Same robo message saying auto warranty going to expire call dropped |
| 7 | 02/25/2022 | 2:13 PM | 606-237-6310 | Same robo message saying auto warranty going to expire call dropped |
| 8 | 02/28/2022 | 10:12 AM | 510-234-2884 | Same robo message saying auto warranty going to expire call dropped |

| 9 | 03/11/2022 | 8:05 AM | 430-732-0852 | Same robo message saying auto warranty going to expire call dropped |
| 10 | 03/11/2022 | 3:57 PM | 614-764-0511 | Same robo message saying auto warranty going to expire call dropped |

33. Defendants employ outrageous, aggressive, and illegal sales techniques that violate multiple federal laws and state consumer statutes.

34. Defendants and their agents and co-conspirators amassed lists of thousands of vehicle owners from public records, vehicle sales and registration records, and data aggregators and then sent phone calls using artificial or prerecorded voice messages *en masse* to market their VSCs.

35. None of the Defendants registered pursuant to § 302.101 of the Texas Business & Commerce Code to provide telephone solicitations. The https://direct.sos.state.tx.us/telephonesearch.asp site ("Texas Registration Database") does not contain any of the Defendants' registrations.

36. None of the Defendants qualify for an exemption under § 302.053.

37. No emergency necessitated none of the alleged illegal robocalls.

38. The Defendants never sent Mrs. Gonzalez any do-not-call policy.  Plaintiff sent an internal do-not-call policy request to info@palisadeprotectiongroup.com and cs@carguardadmin.com

39. On information and belief, the Defendants did not have a written do-not-call policy while they were sending Mrs. Gonzalez the unsolicited calls.

40. On information and belief, the Defendants did not train its agents who engaged in telemarketing on the existence and use of any do-not-call list.

6

41. Defendants participated in, facilitated, directed, authorized, knew of or willfully ignored the false and misleading sales practices and unlawful robocalling, while knowing facts that required a reasonable person to investigate further, and approved, and ratified the conduct of their employees, agents, and co-conspirators to engage in the false and misleading sales practices and unlawful robocalling.

42. Defendants have knowledge of and have adopted and maintained TCPA violations as a sales strategy. This is amply supported by the complaints Defendants receive that are available from the Better Business Bureau ("BBB"). The full scale of the complaints Defendants receive is not currently available to Plaintiffs but will be revealed through discovery to amplify what is shown below.

43. Defendants refuse to take any action to stop or curtail the unlawful sales practices and robocalling because these practices benefit Defendants.

44. Plaintiff never consented to receive the calls alleged herein. Plaintiffs had no relationship with Defendants prior to the calls alleged herein.

45. Defendants advertised their products by falsely informing the consumer that their warranty had expired and that Defendants' product would "extend" the original auto manufacturer's warranty coverage. The VSCs are not auto warranty extensions and do not provide auto warranty coverage. The VSCs are also with parties other than the original manufacturer of the vehicle and warrantors.


**VICARIOUS LIABILITY**

46. Defendants are vicariously liable under the theories of implied authority, apparent authority, and ratification, and as well as liable because any other result would impair the underlying

purpose of the TCPA.

47. "A[n] entity may be held vicariously liable for violations of the TCPA 'under a broad range of agency principles, including not only formal agency, but also principles of apparent authority and ratification.'" Aranda v. Caribbean Cruise Line, Inc., 179 F. Supp. 3d 817, 831 (N.D. Ill. 2016) (Quoting In re Joint Petition filed by Dish Network, LLC, 28 F.C.C. R. 6574, 6582 ¶ 28 (2013)). "Formal Agency" in this context means actual authority, which may be express or implied. Id,.

48. Defendants have each been party to multiple Federal TCPA Complaints.

49. Defendants gave express authority and apparent authority to when it entered into a contract with full knowledge the administration of sales and solicitation of sales of the VSC marketed as a result of the contract would be marketed using auto dialers and prerecorded voice messages.

## The Texas Business and Commerce Code 305.053

50. The Texas Business and Commerce code has an analogous portion that is related to the TCPA and was violated in this case.

51. The Plaintiff may seek damages under this Texas law for violations of 47 USC 227 or subchapter A and seek $500 in statutory damages or $1500 for willful or knowing damages.

## Violations of the Texas Business and Commerce Code § 302.101

52. The actions of the defendants violated the Texas Business and Commerce Code 302.101 by placing solicitation phone calls to a Texas resident without having registration certificate and bond on file with the Texas Secretary of State.

53. Under Texas Business and Commerce Code § 302.302 Plaintiff is entitled to seek damages of up to $5000 per violation of §302.101.

## INJURY, HARM, DAMAGES, and ACTUAL DAMAGES
## AS A RESULT OF THE CALLS

54. Plaintiff has been denied the use of his phone, enjoyment of his phone, and had the functionality of his phone decreased because of unnecessary charging, erosion of phone memory, and had his privacy invaded by the harassing robocalls.

55. Defendant's calls harmed the Plaintiff by causing the very harm that Congress sought to prevent a "nuisance and invasion of privacy."

56. Plaintiff has been annoyed, harassed, and irritated by robocalls placed by the Defendants and other similar companies.

57. Defendant's calls harmed the Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone by placing unwanted telemarketing calls to the Plaintiff.

## FIRST CAUSE OF ACTION

Willful and/or Knowing Violation of 47 U.S.C. § 227
Telephone Consumer Protection Act of 1991
(Against all Defendants)

58. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

59. Defendants and/or their agents placed calls to Plaintiff's cellular telephone.

60. Plaintiff never consented to receive calls from Defendants.  Plaintiff has no relationship with Defendants.

61. Defendants' calls were made for purposes of advertising and marketing Defendants' VSCs. These calls constituted commercial advertising and telemarketing as contemplated by the TCPA.

62. The calls were made using an artificial or prerecorded voice message to the cellular phone of Plaintiff in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and (B).

63. As a result of their unlawful conduct, Defendants repeatedly invaded the personal privacy of Plaintiffs, causing Plaintiff to suffer damages and, under 47 U.S.C. § 227(b)(3)(B), entitling Plaintiff to recover $500 in statutory damages for each violation and an injunction requiring Defendants to stop their unlawful calling campaigns.

64. Not only did Defendants make these violating calls, Defendants and/or their agents did so "knowingly" and/or "willfully' under 47 U.S.C. § 227 (b)(3)(C).

65. If the Court finds that Defendants willfully or knowingly violated this subsection, the Court may exercise its discretion to increase the amount of the award from $500 to $1500 per violation under 47 U.S.C. § 227(b)(3)(C).

## SECOND CAUSE OF ACTION
### Telemarketing Without Mandated Safeguards, 47 C.F.R. § 64.1200(d)
### (Against All Defendants)

66. Plaintiff incorporates the forgoing allegations as if fully set forth herein.

67. The foregoing acts and omissions of Defendants and/or their affiliates or agents constitute multiple violations of FCC regulations by making telemarketing solicitations despite lacking:

a.   written policy, available upon demand, for maintaining a do-not-call list, in violation of 47 C.F.R. § 64.1200(d)(1) [1];

b.   training for the individuals involved in the telemarketing on the existence of and use of a do-not-call list, in violation of 47 C.F.R. § 64.1200(d)(2) [2]; and,

c.   in the solicitations, the name of the individual caller and the name of the person or entity on whose behalf the call is being made, in violation of 47 C.F.R. § 64.1200(d)(4).[3]

68. Plaintiff is entitled to an award of at least $500 in damages for each such violation. 47 U.S.C. § 227(c)(5)(B).

69. Plaintiff is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. 47 U.S.C. § 227(c)(5).

**THIRD CAUSE OF ACTION**
**Violations of The Texas Business and Commerce Code 305.053**

70. Plaintiff incorporates the foregoing allegations as if set forth herein.

71. The foregoing acts and omissions of Defendants and/or their affiliates or agents constitute multiple violations of the **Texas Business and Commerce Code 305.053**, by making non-emergency telemarketing robocalls to Mrs. Gonzalez cellular telephone number without her prior express written consent in violation of 47 USC 227 et seq. The Defendants violated 47 USC 227(d) and 47 USC 227(d)(3) and 47 USC 227(e) by using an automated dialing system that does not comply with the technical and procedural standards under this subsection.

---

[1] *See id.* at 425 (codifying a June 26, 2003 FCC order).
[2] *See id.* at 425 (codifying a June 26, 2003 FCC order).
[3] *See id.* at 425 (codifying a June 26, 2003 FCC order

72. Plaintiff is entitled to an award of at least $500 in damages for each such violation. **Texas Business and Commerce Code 305.053(b)**

73. Plaintiff is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. **Texas Business and Commerce Code 305.053(c)**

## FOURTH CAUSE OF ACTION

### (Violations of The Texas Business and Commerce Code 302.101)

74. Plaintiff incorporates the foregoing allegations as if set forth herein. by reference each and every allegation set forth in the preceding paragraphs.

75. The foregoing acts and omissions of Defendants and/or their affiliates or agents constitute multiple violations of the **Texas Business and Commerce Code 302.101,** by making non-registered solicitation calls to Plaintiff's cellular telephone number without his prior express written consent.

76. Plaintiff is entitled to an award of up to $5,000 in damages for each such knowing or willful violation. **Texas Business and Commerce Code 302.302.**

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Yazmin Gonzalez prays for judgment against the defendants jointly and severally as follows:

A.      Leave to amend this Complaint to name additional DOESs as they are identified and to confirm to the evidence presented at trial;

B.      A declaration that actions complained of herein by Defendants violate the TCPA and Texas state law;

C.      An injunction enjoining Defendants and their affiliates and agents from engaging in the unlawful conduct set forth herein;

D.      An award of $3000 per call in statutory damages arising from the TCPA

intentional violations jointly and severally against the corporation and individual for 10 calls.

E.      An award of $1,500 in statutory damages arising from violations of the Texas

Business and Commerce code 305.053

F.      An award of $5,000 in statutory damages arising from violations of the Texas

Business and Commerce code 302.101.

G.      An award to Mrs. Gonzalez of damages, as allowed by law under the TCPA;

H.      An award to Mrs. Gonzalez of interest, costs and attorneys' fees, as allowed by

law and equity

I.      Such further relief as the Court deems necessary, just, and proper.

### JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.


March 17, 2022                          Respectfully Submitted,


                                        Yazmin Gonzalez
                                        Plaintiff, Pro Se
                                        14205 Charles Pollock
                                        El Paso, TX 79938
                                        915-820-1859
                                        Gonzalez18yazmin@gmail.com